**STUTZ ARTIANO SHINOFF & HOLTZ**
*A Professional Corporation*
Ray J. Artiano, Esq. (State Bar No. 88916)
Ljubiša Kostić, Esq. (State Bar No. 226668)
Richard E. Romero, Esq. (State Bar No. 247056)
2488 Historic Decatur Road, Suite 200
San Diego, CA 92106-6113
Tel: (619) 232-3122
Fax: (619) 232-3264

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUTZ ARTIANO SHINOFF & HOLTZ, APC,<br><br>Plaintiff,<br><br>v.<br><br>MAURA LARKINS, and DOES 1-100, inclusive<br><br>Defendant. | Case No. 07cv2202-WQH (WMc)<br><br>Judge:  William McCurine, Jr.<br>Ctrm:   C<br><br>**PLAINTIFF'S MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>COMPLAINT FILED:  10/05/07<br>TRIAL DATE:        None Set |

PLEASE TAKE NOTICE THAT Plaintiff, STUTZ ARTIANO SHINOFF & HOLTZ, APC (hereinafter "SASH") hereby moves the Court for an order remanding this action to state court on the following grounds:

Removal is proper only where the federal court has original jurisdiction of the claim, i.e., where the plaintiff would have been able to bring the claim in federal court in the first instance. *See*, 28 U.S.C. § 1441(a). Where, as here, the parties are citizens of the same state and diversity is lacking, an action is removable only if the action is brought "on a claim or right arising under the Constitution, treaties or laws of the United States." *Id.*, at para. (b). This is a defamation action and, as such, arises under California law. *See*, Cal. Civ. Code §§ 44, 45 and 46. At most, the First Amendment will shield defendant from liability unless plaintiff can show actual falsity and that the statement was made with knowledge, or reckless disregard, of its falsity. *See*,

1

1  *Reader's Digest Assn. v. Superior Court* (1984) 37 Cal.3d 244, 256, *citing New York Times Co.*
2  *v. Sullivan* (1964) 376 U.S. 254, 279-280, 84 S.Ct. 710. "[A] case will not arise under federal
3  law where the complaint, presenting a state-law cause of action, anticipates a federal defense."
4  *Vang v. Healy* 804 F.Supp. 79, 81 (E.D. Cal. 1992). Despite First Amendment implications, a
5  defamation case does not arise under the Constitution or the laws of the United States, and as
6  a result is not ordinarily removable. *See, Buice v. Buford Broadcasting, Inc.*, 553 F.Supp. 388,
7  390-391 (N.D. Ga. 1983); *Sprague v. Bulletin Co.*, 527 F.Supp. 1016, 1017 (D.C. Pa. 1981).

8      PLEASE TAKE FURTHER NOTICE THAT Defendant, SASH, seeks its cost and
9  attorney's fees incurred as a result of improper removal.

10     This motion is based on the within notice, the memorandum of points and authorities,
11 submitted herewith, and such other and further matters as the Court may consider or hear at the
12 hearing.

14 DATED: December 19, 2007       STUTZ ARTIANO SHINOFF & HOLTZ
    *A Professional Corporation*

By:      *s/ Richard E. Romero*
    Ray J. Artiano
    Ljubiša Kostić
    Richard E. Romero
Attorneys for Plaintiff STUTZ ARTIANO
SHINOFF & HOLTZ, APC

email: rromero@stutzartiano.com

# PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION TO REMAND

Plaintiff STUTZ ARTIANO SHINOFF & HOLTZ, APC (hereinafter "SASH") hereby moves this court for an order remanding this case to state court and granting SASH its costs and attorney's fees incurred as a result of removal on the grounds that this Court lacks subject matter jurisdiction because the claims in SASH's complaint do not arise under federal law.

## I.
## INTRODUCTION

SASH is a private law firm that represents both public and private clients. On or about October 5, 2007, SASH filed a Complaint for Damages for Defamation against Defendant MAURA LARKINS (hereinafter "Defendant"). In or about December of 2006, SASH learned that Defendant had created a website entitled www.mauralarkins.com, also known as the San Diego Education Report. Though Defendant learned of this website in December of 2006, SASH is unaware of how long Defendant has been operating this website. When searching for SASH on internet search databases, Defendant's website is one of the top "hits." Defendant's website contains numerous defamatory statements regarding SASH and its attorneys, which defamatory statements were made with negligence, malice, oppression, fraud, and/or willful/knowing disregard of the truth and have harmed SASH's reputation, property, business, trade, profession, and occupation.

On or about August 6, 2007, SASH notified Defendant of the falsehood and inaccuracy of Defendant's statements and requested that Defendant cease and desist making defamatory statements about SASH. When Defendant refused, SASH was left with no alternative but to file suit against Defendant. SASH's Complaint against Defendant is for defamation and does not include any claims which arise under federal law. Nonetheless, on or about November 19, 2007, Defendant filed a Notice of Removal in this action. Because such removal is improper, pursuant to 28 U.S.C. § 1447(c), SASH's Motion for Remand should be granted and this matter remanded to state court. Additionally, Defendant should be required to pay SASH's costs and attorney's fees incurred as a result of Defendant's improper removal to federal court.

## II.

## STANDARD FOR REMAND

Where removal to federal court is improper, the opposing party may file a motion to remand the case to state court. 28 U.S.C. § 1447(c). Section 1447 of Title 28 of the United States Code provides as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *Id.*

Section 1447 further provides that "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.*

Removal jurisdiction is extremely limited, and the removal statute, 28 U.S.C. § 1441, is strictly construed against removal. *Clinton v. Acequia, Inc.*, (9th Cir. 1996) 94 F.3d 568, 573. Doubts as to removability are resolved in favor of remanding the case to the state court. *Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 US 100, 108-109; *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566. The "strong presumption" against removal dictates that the defendant always has the burden of establishing that removal is proper; "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, *supra*, 980 F.2d at 566. The defendant also has the burden of showing that it has complied with the procedural requirements for removal. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838.

A. **Where, as here, Diversity is Lacking, Removal Requires a Basis for Federal Jurisdiction: the Complaint Must Arise Under Federal Law**

A defendant may remove a state court action to federal court based on federal subject matter jurisdiction only if the plaintiff could have brought it there originally. 28 U.S.C. § 1441(b). Section 1441 of the Title 28 of the United States Code provides that any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Id.* Whether a claim is appropriate for removal as

4

"arising under" federal law is determined by the same "well-pleaded complaint" rule that determines whether original federal jurisdiction exists. *Rivet v. Regions Bank of Louisiana* (1998) 522 US 470, 475. The jurisdiction of federal courts is as follows:

> [Federal courts have] jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that the federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust* (1983) 463 US 1, 27-28.

**B.  The Federal Question Must be Apparent on the Face of the Complaint; Defenses are not Considered**

The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *California ex rel. Lockyer v. Dynegy, Inc.*, (9th Cir. 2004), *supra*, 375 F.3d at 838, *citing Gully v. First Nat'l Bank in Meridian* (1936) 299 U.S. 109, 113.

In determining whether a federal question exists, potential defenses or counterclaims are not considered; "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the cases 'arises under' federal law." *Id.* at 10 (emphasis in original); *Rivet v. Regions Bank of Louisiana, supra*, 522 U.S. at 475 (stating that a defense is not part of a plaintiff's properly pleaded statement of his or her claim). "[A] case will not arise under federal law where the complaint, presenting a state-law cause of action, anticipates a federal defense." *Vang v. Healy* 804 F.Supp. 79, 81 (E.D. Cal. 1992).

Based on the above, it is clear that Defendant's removal of the instant action to federal court is improper because the cause of action in SASH's Complaint does not arise under federal law. SASH's Complaint includes only a cause of action for defamation per se, a state law claim based on California law. *See,* Cal. Civ. Code §§ 44, 45, and 46. On its face, SASH's Complaint does not present any federal questions and thus is not within the subject matter jurisdiction of this Court.

///

///

### C. SASH's Complaint Does Not Raise Any Federal Questions

While Defendant alleges that SASH's Complaint raises First Amendment issues, such issues are neither apparent on the face of the Complaint nor is her potential free speech defense sufficient for removal of the instant action from the state court. This is a defamation action and, as such, arises under California law. *See,* Cal. Civ. Code §§ 44, 45, and 46. Where the statements at issue involve a matter of purely private concern communicated between private individuals, such speech does not raise First Amendment issues. *See, Savage v. Pacific Gas & Electric Co.* (1993) 21 Cal.App.4th 434, 445. At most, the First Amendment will shield a defendant from liability unless the plaintiff can show actual falsity and that the statement was made with knowledge or reckless disregard of its falsity. *See, Reader's Digest Assn. v. Superior Court* (1984) 37 Cal.3d 244, 256, *citing New York Times Co. v. Sullivan* (1964) 376 U.S. 254, 279-280, 84 S.Ct. 710. Despite First Amendment implications, however, a defamation case does not arise under the Constitution or the laws of the United States, and as a result is not ordinarily removable. *See, Buice v. Buford Broadcasting, Inc.*, 553 F.Supp. 388, 390-391 (N.D. Ga. 1983); *Sprague v. Bulletin Co.*, 527 F.Supp. 1016, 1017 (D.C. Pa. 1981).

SASH's Complaint does not, on its face, raise any federal questions. As stated above, it is SASH's Complaint, and not potential defenses thereto, that determines whether removal is proper. SASH's Complaint presents a defamation claim by a private figure (a private law firm) regarding matters of private concern (the ethics and work practices of the firm). SASH is a private law firm that represents both public and private clients. Defamatory statements about SASH's attorneys are purely matters of private concerns despite Defendant's allegations that they are matter of public concern. Defendant's claims of First Amendment protection for her speech do not grant this Court jurisdiction to hear this matter because such defenses based on federal law do not provide removal jurisdiction.

Because SASH's Complaint does not include any causes of action which arise from federal law, and because Defendant's anticipated First Amendment defense is an insufficient basis for removal and should not be considered, remanding this case to state court is appropriate.

///

## III.

## CONCLUSION

Based on the foregoing, Plaintiff STUTZ ARTIANO SHINOFF & HOLTZ, APC, respectfully requests this Court to grant SASH's Motion to Remand and remand the instant action to state court. SASH further requests that this court award SASH its costs and attorney's fees incurred as a result of Defendant's removal to federal court.

DATED: December 19, 2007

STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*

By:  s/ Richard E. Romero
Ray J. Artiano
Ljubiša Kostić
Richard E. Romero
Attorneys for Plaintiff STUTZ ARTIANO SHINOFF & HOLTZ, APC

email: rromero@stutzartiano.com

# PROOF OF SERVICE
### (State and Federal Court)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made. My business address is 2488 Historic Decatur Road, Suite 200, San Diego, California 92106-6113.

On December 19, 2007, I served the following document(s):

**PLAINTIFF'S MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☒ **BY OVERNIGHT COURIER** by depositing in the facility regularly maintained by FEDERAL EXPRESS at 2488 Historic Decatur Road, San Diego, California 92106, a true copy thereof in a sealed envelope with delivery fees fully provided for and addressed as follows:

Maura Larkins
1935 Autocross Court
El Cajon, CA 92019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 19, 2007

*[signature]*
LINDA L. MOORE