# EXHIBIT 3

MAURA LARKINS
1935 Autocross Court
El Cajon, CA 92019
Plaintiff in pro per

FILED
EAST COUNTY DIVISION

2007 MAY 14  PM 2: 16

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY. CA

FILED ON DEMAND

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

| | |
|---|---|
| MAURA LARKINS,<br>        Plaintiff,<br><br>        vs.<br><br>LINDA WATSON<br>VIRGINIA BOYD<br>BEVERLY TUCKER<br>MICHAEL D. HERSH<br>CALIFORNIA TEACHERS ASSOCIATION,<br>a California labor organization,<br>CHULA VISTA ELEMENTARY<br>EDUCATION ASSOCIATION, a California<br>labor organization,<br>and DOES 1 through 10, inclusive,<br>        Defendants. | ) Case No.<br>) Judge:     **37-2007-00058893-CU-MC-EC**<br>) Dept:<br>) Hearing date:<br>)<br>) COMPLAINT FOR<br>) NON-MONETARY RELIEF<br>)<br>) VIOLATION OF STATUTE:<br>) PERJURY AND SUBORNATION<br>) OF PERJURY WITHOUT IMMUNITY<br>) (CALIFORNIA CIVIL CODE<br>) §47 (b)(2) ; CONSPIRACY)<br>)<br>)<br>)<br>)<br>) COMPLAINT FILED:<br>) TRIAL DATE: NOT SET |

Plaintiff alleges:

## **GENERAL ALLEGATIONS**

1. California Civil Code §47(b)(2), which allows civil prosecution of perjury when

combined with spoliation of documents, was written so that the instant case could be

prosecuted.  However, it is deeply uncertain that the instant case will be allowed to go

1

COMPLAINT FOR NON-MONETARY RELIEF

prosecuted. However, it is deeply uncertain that the instant case will be allowed to go forward because CCC 47(b)(2) is a law whose existence the courts have systematically ignored. Why? Because the courts do not want the judgments that resulted from perjury and spoliation to be overturned. This "public policy" preserves the pervasive presence of perjury in our judicial system. Half of all lawyers say that perjury is a problem for them: the other half are apparently not bothered by it. In the one case where this law was followed, *Terry Rusheen v. Barry H. Cohen, et al*, the California Court of Appeal made sure to tag the case for non-publication. And yet, California courts are unwilling to say that this law should not be followed, or that "public policy" trumps a legitimate law, because the courts know that this legitimate law should trump public policy. As long as perjury in furtherance of destruction of evidence is sanctions by our courts, we don't have a true justice system. We merely have a decision-making system.

2. It's time for California Civil Code §47(b)(2), which became law in 1991, to be directly addressed by a California court. Over the past fifteen years CCC §47 has been frequently cited in case law, and has been upheld without fail. The courts have obviously read CCC §47(b)(2); they couldn't have missed it. Still, these courts claim that the litigation privilege is absolute. CCC §47(b)(2) says it is not absolute; there is an exception when evidence is destroyed or altered and unlawful statements are made "in furtherance" of such an act. CCC §47(b)(2) states:

> "This subdivision *does not make privileged any communication made in furtherance of an act of intentional destruction or alteration of physical evidence undertaken for the purpose of depriving a party to litigation of the use of that evidence,* whether or not the content of the communication is the subject of a subsequent publication or broadcast which is privileged pursuant to this section. As used in this paragraph, "physical evidence" means evidence specified in Section 250 of the Evidence Code or evidence that is property of any type specified in Section 2031 of the Code of Civil Procedure." (Italics added.)

2

COMPLAINT FOR NON-MONETARY RELIEF

3. Aside from one or two indirect mentions (***Laborde v. Aronson*** (App. 4 Dist. 2001) 112 Cal.Rptr.2d 119,92 Cal.App.4th 459), and one unpublished decision, (***Terry Rusheen v. Barry H. Cohen, et al.***), California courts have behaved as if this law did not exist.

4. In ***Terry Rusheen v. Barry H. Cohen, et al.,*** the judgment was set aside and a trial granted because, due to falsification of documents, the original case had been dismissed without trial (Los Angeles County Super. Ct. No. EC022640) SECOND APPELLATE DISTRICT, DIVISION FOUR).

5. This is exactly what occurred in the instant case. In San Diego Superior Court case number GIC 781970 was dismissed without trial, without any decision on the merits, due to spoliation and falsification of documents furthered by perjury.

6. Plaintiff MAURA LARKINS is now, and at all times mentioned in this complaint was, a resident of San Diego County, California.  Plaintiff was employed as a teacher in Chula Vista Elementary School District from September 1974 until February 2003, and is now retired.

7. LINDA WATSON, hereinafter referred to as WATSON, is now, and at all times mentioned in this complaint has been, a resident of San Diego County, California and an employee of CHULA VISTA ELEMENTARY SCHOOL DISTRICT.

8. Defendant VIRGINIA BOYD, hereinafter referred to as BOYD, is now and at all times mentioned in this complaint was a resident of San Diego County, California. At the time of the events referred to in this complaint, BOYD was employed as

3

COMPLAINT FOR NON-MONETARY RELIEF

1  President of CHULA VISTA ELEMENTARY EDUCATION ASSOCIATION.  Prior

2  to her employment by CTA, she was employed as a teacher at Castle Park Elementary

3  School.

4      9.  Defendant Michael D. Hersh, hereinafter referred to as HERSH, is now and

5  at all times mentioned in this complaint was a resident of Los Angeles County,

6

7  California, and was employed as an attorney for the California Teachers Association,

8  and represented Virginia Boyd, CHULA VISTA ELEMENTARY EDUCATION

9  ASSOCIATION, and CALIFORNIA TEACHERS ASSOCIATION in San Diego

10  Superior Court case number GIC 781970.

11      10.  Defendant Beverly Tucker, hereinafter referred to as TUCKER, is now and

12  at all times mentioned in this complaint was a resident of California, and was employed

13  as Head Counsel for the California Teachers Association, and represented Virginia

14  Boyd, CHULA VISTA ELEMENTARY EDUCATION ASSOCIATION, and

15

16  CALIFORNIA TEACHERS ASSOCIATION in San Diego Superior Court case number

17  GIC 781970.

18      11.  Chula Vista Elementary Education Association, hereinafter referred to as

19  "CHULA VISTA ELEMENTARY EDUCATION ASSOCIATION" or "CVE,"

20  is a labor organization authorized and existing under the laws of the State of California

21  in the county of San Diego.  It is a local chapter of CALIFORNIA TEACHERS

22  ASSOCIATION.

23

24      12. California Teachers Association, hereinafter referred to as CALIFORNIA

25  TEACHERS ASSOCIATION or "CTA" is a labor organization authorized and existing

26  under the laws of the State of California.

27

28
                                   4
COMPLAINT FOR NON-MONETARY RELIEF

13.  The true names of defendants DOES 1 through 10, inclusive, are unknown to plaintiff at this time.  Plaintiff sues those defendants by such fictitious names pursuant to section 474 of the Code of Civil Procedure.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this complaint, and unlawfully caused the injuries and damages to plaintiff alleged in this complaint.

## FIRST CAUSE OF ACTION

## VIOLATION OF PENAL CODE: PERJURY WITHOUT IMMUNITY UNDER CCC § 47 (b)(2)  AS TO DEFENDANTS WATSON, TUCKER, HERSH, BOYD, CTA AND CVE

14. Plaintiff realleges and incorporates Paragraphs 1 through 13, inclusive, of the General Allegations, as though fully set forth herein.

15.  On or about May 14, 2004, BOYD, HERSH, TUCKER, WATSON, CVE AND CTA, knowing that they were committing perjury (either directly or by suborning perjury), did intentionally prepare a false declaration (Exhibit 1) to be signed under penalty of perjury by VIRGINIA BOYD and filed in San Diego Superior Court case number GIC 781970.

16. On or about May 14, 2004, BOYD knowingly signed the false document under penalty of perjury and HERSH, TUCKER, WATSON, CVE AND CTA suborned the perjury thus committed.  BOYD, HERSH, TUCKER,

5

COMPLAINT FOR NON-MONETARY RELIEF

WATSON,CVE AND CTA filed the document in San Diego Superior Court case
number GIC 781970, and served the perjured document on plaintiff.

17. Defendants' conduct as alleged in this cause of action constitutes an
unlawful act in violation of Penal Code section 127, which states, "Every person who
willfully procures another person to commit perjury is guilty of subornation of perjury,
and is punishable in the same manner as he would be if personally guilty of the perjury
so procured."

18. The perjured declaration signed by BOYD on May 14, 2004 stated that
BOYD's notes of a February 12, 2001 meeting CVESD meeting regarding plaintiff
were accidentally lost or destroyed (**Exhibit 1**). In fact, the notes were intentionally
destroyed by BOYD, TUCKER, WATSON, HERSH, CTA AND CVE, either directly
or by conspiracy to destroy the notes, on or about May 14, 2004. These notes
constituted "physical evidence" as specified in Section 250 of the Evidence Code or
evidence that is property of any type specified in Section 2031 of the Code of Civil
Procedure."

19. In or about October of 2004, WATSON, BOYD, TUCKER, HERSH, CTA
AND CVE, through subornation or false testimony under oath, committed perjury again
in furtherance of this act of destruction of documents and in order to deprive plaintiff of
the use of this evidence.

20. The double felony of spoliation and perjury was committed by WATSON,
BOYD, HERSH, TUCKER, WATSON, CVE AND CTA to hide crimes by WATSON
and Robin Colls Donlan. In 2000, WATSON had received information from an arrest
record illegally obtained by Robin Donlan, and in 2001 WATSON took part in a

COMPLAINT FOR NON-MONETARY RELIEF

conspiracy to violate Labor Code 432.7 against plaintiff. WATSON demanded that her illegal actions against a fellow member of CVE and CTA be concealed by CVE and CTA. BOYD and CVE thereafter filed a grievance on WATSON's behalf to keep her actions secret, and to deprive plaintiff of the use of that evidence.

21. Defendants BOYD, TUCKER, WATSON, CVE AND CTA conspired to file a grievance on WATSON's behalf, and the grievance was filed by CVE, in order to conceal WATSON's actions. The grievance demanded that Assistant Superintendent Richard Werlin of Chula Vista Elementary School District deny that he made a statement on February 12, 2001 to the effect that two teachers called him at home on the previous Saturday night. Werlin agreed to change his story and to say that only one teacher called him. Werlin kept to the agreement, and committed perjury in 2002 and 2003 regarding this matter. BOYD, after destroying her notes, or giving them to HERSH to destroy, apparently forgot about the agreement to conceal this detail, and three years after making the agreement, BOYD stated under oath that Richard Werlin announced on Feb. 12, 2001 that two people had called him at home regarding plaintiff.

22. LINDA WATSON committed perjury when she denied under oath that she had called Werlin, but changed her story when asked if she minded if her Saturday February 10, 2001 phone records were checked to see if she called Richard Werlin at his home around 8:30 in the evening.

23. Evidence of the truth about WATSON's actions was contained in BOYD's notes of a meeting at Chula Vista Elementary School District on February 12, 2001. All defendants conspired to destroy these notes.

7

COMPLAINT FOR NON-MONETARY RELIEF

24. At the root of all these misdemeanors and felonies were the original misdemeanors of Robin Colls Donlan and her brother Michael Carlson in or about September of 2000, in which they conspired to obtain and disseminate, in violation of multiple California Codes, the record of an arrest that led to neither charges nor a conviction. BOYD, then-president of Chula Vista Educators (CVE), was a long-time friend of Robin Donlan, and for that reason decided to commit multiple felonies to cover up Donlan's and WATSON's misdemeanors.

25. As a proximate result of defendant's conduct as described in this cause of action, Plaintiff and students and teachers of California have suffered from a damaged educational and legal system caused by the blatant violation of both civil and criminal statutes by DEFENDANTS WATSON, TUCKER, HERSH, BOYD, CTA AND CVE.

## SECOND CAUSE OF ACTION

VIOLATION OF PENAL CODE SECTION § 127 (SUBORNATIONOF PERJURY WITHOUT IMMUNITY AS A RESULT OF EXCEPTION IN CC § 47 (b)(2)  AS TO DEFENDANTS BEVERLY TUCKER, MICHAEL D. HERSH, VIRGINIA BOYD, CALIFORNIA TEACHERS ASSOCIATION, AND CHULA VISTA ELEMENTARY EDUCATION ASSOCIATION

26. Plaintiff realleges and incorporates Paragraphs 1 through 13, inclusive, of the General Allegations, as though fully set forth herein.

27. BOYD did not write a single word during an August 13, 2001 meeting at CVESD regarding plaintiff, but sat silent and unmoving during the entire meeting. Instead of taking notes, BOYD made a tape recording of the August 13, 2001 meeting.

8

28. After the meeting, BOYD prepared notes of the meeting, cherry-picking items she wanted to include and items she wanted to leave out, thus altering a document that was blank, and creating a bogus document.

29. BOYD, TUCKER, HERSH, CVE AND CTA destroyed the tape recording made by BOYD at that meeting in order to deprive plaintiff of the use of that evidence.

30. TUCKER, HERSH, CVE AND CTA prepared a false declaration for BOYD to sign (**Exhibit 2**) regarding the "notes" and the tape recording made at the August 13, 2001 meeting.

31. BOYD signed the false declaration in furtherance of the act of destruction of evidence and the alteration of evidence, thus committing perjury on June 28, 2004. This perjury was suborned by TUCKER, HERSH, CVE AND CTA.

32. Defendants' conduct as alleged in this cause of action constitutes an unlawful act in violation of Penal Code section 127, which states, "Every person who willfully procures another person to commit perjury is guilty of subornation of perjury, and is punishable in the same manner as he would be if personally guilty of the perjury so procured."

33. As a proximate result of defendant's conduct as described in this cause of action, Plaintiff and students and teachers of California have suffered from a damaged educational and legal system caused by the blatant violation of both civil and criminal statutes by DEFENDANTS WATSON, TUCKER, HERSH, BOYD, CTA AND CVE.

## THIRD CAUSE OF ACTION

VIOLATION OF PENAL CODE SECTION § 127 (SUBORNATIONOF PERJURY WITHOUT IMMUNITY AS A RESULT OF EXCEPTION IN CC § 47 (b)(2)  AS TO

9

DEFENDANTS BEVERLY TUCKER, MICHAEL D. HERSH, VIRGINIA BOYD,

CALIFORNIA TEACHERS ASSOCIATION, AND CHULA VISTA ELEMENTARY

EDUCATION ASSOCIATION

34. Plaintiff realleges and incorporates Paragraphs 1 through 13, inclusive, of the

General Allegations, as though fully set forth herein.

35. BOYD, TUCKER, CVE AND CTA created a hoax grievance (**Exhibit 3**) in

2001 to fool plaintiff into thinking they were representing her, when actually they were

representing WATSON, and doing everything they could to hide WATSON's crimes.

This grievance constituted "physical evidence" as specified in Section 250 of the Evidence

Code or evidence that is property of any type specified in Section 2031 of the Code of

Civil Procedure."

36. In or about October of 2004, this grievance was destroyed by BOYD,

TUCKER, CVE AND CTA in order to deprive plaintiff of the use of that evidence.

37. In or about October of 2004, HERSH, TUCKER, WATSON, CVE AND

CTA committed perjury during testimony under oath San Diego Superior Court case

number GIC 781970 in furtherance of this destruction of evidence and in order to

deprive plaintiff of the use of this evidence.

38. Defendants' conduct as alleged in this cause of action constitutes an

unlawful act in violation of Penal Code section 127, which states, "Every person who

willfully procures another person to commit perjury is guilty of subornation of perjury,

and is punishable in the same manner as he would be if personally guilty of the perjury

so procured."

COMPLAINT FOR NON-MONETARY RELIEF

1    39. As a proximate result of defendant's conduct as described in this cause of

2  action, Plaintiff and students and teachers of California have suffered from a damaged

3  educational and legal system caused by the blatant violation of both civil and criminal

4  statutes by DEFENDANTS WATSON, TUCKER, HERSH, BOYD, CTA AND CVE.

5              **FOURTH CAUSE OF ACTION**

6    **CONSPIRACY TO DESTROY EVIDENCE AS TO DEFENDANTS WATSON,**

7              **TUCKER, HERSH, BOYD, CTA AND CVE**

8

9    40. Plaintiff realleges and incorporates Paragraphs 1 through 13, inclusive, of the

10  General Allegations, as though fully set forth herein.

11

12    41. On or about September 23, 2004, BEVERLY TUCKER, MICHAEL D.

13  HERSH, VIRGINIA BOYD, CALIFORNIA TEACHERS ASSOCIATION,  CHULA

14  VISTA ELEMENTARY EDUCATION ASSOCIATION and each of them, knowingly

15  and willfully conspired and agreed among themselves that they would destroy the notes

16  taken by BOYD during a meeting at CVESD on February 12, 2001. These notes

17  constituted "physical evidence" as specified in Section 250 of the Evidence Code or

18  evidence that is property of any type specified in Section 2031 of the Code of Civil

19  Procedure."

20

21    42. BEVERLY TUCKER, MICHAEL D. HERSH, VIRGINIA BOYD,

22  CALIFORNIA TEACHERS ASSOCIATION,  CHULA VISTA ELEMENTARY

23  EDUCATION ASSOCIATION, each acting individually and giving encouragement,

24  collaboration, and assistance to the other, conspired to destroy the notes taken by BOYD

25  during a meeting at CVESD on February 12, 2001.

26

27

28

11

43. Defendants BEVERLY TUCKER, MICHAEL D. HERSH, VIRGINIA BOYD, CALIFORNIA TEACHERS ASSOCIATION, CHULA VISTA ELEMENTARY EDUCATION ASSOCIATION, and each of them, did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above-alleged agreement.

44. The February 12, 2001 notes were destroyed by BOYD or HERSH on or about May 14, 2004 in furtherance of the conspiracy and in order to deprive plaintiff of the use of the evidence.

45. As a proximate result of defendant's conduct as described in this cause of action, Plaintiff and students and teachers of California have suffered from a damaged educational and legal system caused by the blatant violation of both civil and criminal statutes by DEFENDANTS TUCKER, HERSH, BOYD, CTA AND CVE.

## FIFTH CAUSE OF ACTION

## CONSPIRACY TO DESTROY EVIDENCE AS TO DEFENDANTS TUCKER, HERSH, BOYD, CTA AND CVE

40. Plaintiff realleges and incorporates Paragraphs 1 through 13, inclusive, of the General Allegations, as though fully set forth herein.

41. On or about September 23, 2004, BEVERLY TUCKER, MICHAEL D. HERSH, VIRGINIA BOYD, CALIFORNIA TEACHERS ASSOCIATION, CHULA VISTA ELEMENTARY EDUCATION ASSOCIATION and each of them, knowingly and willfully conspired and agreed among themselves that they would destroy the tape recording made by BOYD during a meeting at CVESD on August 13, 2001, and alter a document to create fake "notes" of that meeting. This tape recording and notes

12

COMPLAINT FOR NON-MONETARY RELIEF

1  constituted "physical evidence" as specified in Section 250 of the Evidence Code or

2  evidence that is property of any type specified in Section 2031 of the Code of Civil

3  Procedure."

4
5      42. BEVERLY TUCKER, MICHAEL D. HERSH, VIRGINIA BOYD,

6  CALIFORNIA TEACHERS ASSOCIATION, CHULA VISTA ELEMENTARY

7  EDUCATION ASSOCIATION, each acting individually and giving encouragement,

8  collaboration, and assistance to the other, conspired to alter a document and to destroy

9  the tape recording made by BOYD during a meeting at CVESD on August, 2001,

10     43. Defendants BEVERLY TUCKER, MICHAEL D. HERSH, VIRGINIA

11  BOYD, CALIFORNIA TEACHERS ASSOCIATION, CHULA VISTA

12  ELEMENTARY EDUCATION ASSOCIATION, and each of them, did the acts and

13  things herein alleged pursuant to, and in furtherance of, the conspiracy and above-

14  alleged agreement.

15
16     44.  The August 13, 2001 tape recording was destroyed by BOYD or HERSH on

17  or about June 28, 2004 in furtherance of the conspiracy and in order to deprive plaintiff

18  of the use of the evidence.

19
20     45. As a proximate result of defendant's conduct as described in this cause of

21  action, Plaintiff and students and teachers of California have suffered from a damaged

22  educational and legal system caused by the blatant violation of both civil and criminal

23  statutes by DEFENDANTS TUCKER, HERSH, BOYD, CTA AND CVE.

24
25               **SIXTH CAUSE OF ACTION**

26  **CONSPIRACY TO DESTROY EVIDENCE AS TO DEFENDANTS TUCKER,**

27               **HERSH, BOYD, CTA AND CVE**

28
                              13

40. Plaintiff realleges and incorporates Paragraphs 1 through 13, inclusive, of the General Allegations, as though fully set forth herein.

41. On or about October of 2004, BEVERLY TUCKER, MICHAEL D. HERSH, VIRGINIA BOYD, CALIFORNIA TEACHERS ASSOCIATION, CHULA VISTA ELEMENTARY EDUCATION ASSOCIATION and each of them, knowingly and willfully conspired and agreed among themselves that they would destroy the 2001 hoax grievance (**Exhibit 3**) to fool plaintiff into thinking they were representing her, when actually they were representing WATSON, and doing everything they could to hide WATSON's crimes. This grievance constituted "physical evidence" as specified in Section 250 of the Evidence Code or evidence that is property of any type specified in Section 2031 of the Code of Civil Procedure."

42. BEVERLY TUCKER, MICHAEL D. HERSH, VIRGINIA BOYD, CALIFORNIA TEACHERS ASSOCIATION, CHULA VISTA ELEMENTARY EDUCATION ASSOCIATION, each acting individually and giving encouragement, collaboration, and assistance to the other, conspired to destroy the 2001 hoax grievance (**Exhibit 3**) to fool plaintiff into thinking they were representing her, when actually they were representing WATSON, and doing everything they could to hide WATSON's crimes.

43. Defendants BEVERLY TUCKER, MICHAEL D. HERSH, VIRGINIA BOYD, CALIFORNIA TEACHERS ASSOCIATION, CHULA VISTA ELEMENTARY EDUCATION ASSOCIATION, and each of them, did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above-alleged agreement.

44. The 2001 hoax grievance was destroyed by BOYD or HERSH on or about October of 2004 in furtherance of the conspiracy and in order to deprive plaintiff of the use of the evidence.

45. As a proximate result of defendant's conduct as described in this cause of action, Plaintiff and students and teachers of California have suffered from a damaged educational and legal system caused by the blatant violation of both civil and criminal statutes by DEFENDANTS TUCKER, HERSH, BOYD, CTA AND CVE.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests judgment from defendants in the above causes of action as follows:

1.    That the court order defendants to publicly apologize, both orally and in writing, to plaintiff, the students and teachers of Chula Vista Elementary School District, and Judge Nevitt and the San Diego Superior Court for perpetrating a fraud on the court, and for violating civil and criminal statutes of California, and to promise to discontinue such violations of statute.

2.    Cost of suit;

3.    Such further relief as the court deems proper.

May 14, 2007                    *Maura Larkins*

MAURA LARKINS

VERIFICATION

I, MAURA LARKINS, am the plaintiff in the above-entitled action. I have read the foregoing complaint for violations of California Statutes regarding perjury,

15

COMPLAINT FOR NON-MONETARY RELIEF

spoliation, and conspiracy, and know its contents.  The same is true of my own

knowledge, except as to those matters which are alleged on information and belief, and

as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that

the foregoing is true and correct.

May 14, 2007

_Maura Larkins_

MAURA LARKINS

COMPLAINT FOR NON-MONETARY RELIEF

# EXHIBIT 1

MICHAEL D. HERSH *[State Bar No.144095]*
ROSALIND D. WOLF *[State Bar No. 91440]*
BEVERLY TUCKER *[State Bar No. 72525]*
ROBERT E. LINDQUIST *[State Bar No. 130467]*
BRENDA SUTTON-WILLS *[State Bar No. 164131]*
JOHN KOHN *[State Bar No. 192932]*
JOSEPH R. COLTON *[State Bar No. 85469]*
California Teachers Association
11745 East Telegraph Road
Santa Fe Springs, Ca 90670
Mailing address: P. O. Box 2153
Santa Fe Spring, California  90670
Telephone: 562.942.7979 / Fax: 562.949.6518

Attorneys for Association Defendants Boyd, CVEEA, O'Neill and CTA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| MAURA LARKINS,<br><br>       Plaintiff,<br><br>v.<br><br>CHULA VISTA ELEMENTARY SCHOOL DISTRICT, etc., et al.<br><br>       Defendants. | **Case No. GIC 781 970**<br><br>ICJ:     William R. Nevitt, Jr.<br>Dept.    64<br>Date:    May 28, 2004<br>Time:    3:00 p.m.<br><br>**DECLARATION OF DEFENDANT VIRGINIA BOYD IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |

I, Virginia Boyd, declare:

1.   I am a resident of San Diego County.  I have been employed by the Chula Vista Elementary School District ("District") for many years.  Since my election in 1996, I have served as President of the Chula Vista Elementary Education Association ("CVEEA"), the labor organization that represents the certificated employees of the District.

2.   On or about February 12, 2001, I attended a meeting with District administrators and Maura Larkins, the plaintiff in this matter.  I was there to assist Ms. Larkins.  At this meeting, the District's Superintendent informed Ms. Larkins that he had been contacted by one or more

I:\MHERSH\36014P33.C09.wpd

1  teachers who had expressed concerns about Ms. Larkins' behavior at the Castle Park Elementary

2  School where Ms. Larkins taught. The meeting concluded with Ms. Larkins being placed on

3  paid leave while the District investigated teacher concerns.

4          3.    After her placement on leave, Ms. Larkins was in frequent contact with me and Tim

5  O'Neill, an employee of the California Teachers Association ("CTA") who is Executive Director

6  of the South County Teachers United, and a defendant in this case, as well. Ms. Larkins had

7  questions or wished to discuss a wide variety of issues concerning her situation and actions she

8  wanted CVEEA and CTA to pursue on her behalf.

9          4.    Mr. O'Neill and I did our best to address Ms. Larkins' concerns, but not always to

10  her satisfaction. In February 2002, Ms. Larkins served the CVEEA office in Chula Vista with an

11  unfair practice charge (Case No. LA-CO-1091-E) that she filed with the California Public

12  Employment Relations Board ("PERB"). The charge alleged that CVEEA and CTA had failed

13  to represent Ms. Larkins, and violated her rights by not pursuing to arbitration several grievances

14  that had been filed against the District by or on behalf of Ms. Larkins.

15          5.    In response to PERB Charge No. LA-CO-1091-E, Mr. O'Neill and I put together a

16  three-ring binder where I chronologically organized all the communications that had gone back

17  and forth between CVEEA and Ms. Larkins, including all of the documents pertaining to Ms.

18  Larkins that we could locate in our offices. In or about the second week of February 2002, I

19  personally handed the binder to CTA Attorney Michael Hersh at a meeting in Los Angeles, as

20  CTA had assigned him to represent CVEEA in the unfair practice proceedings. Most of the

21  dozens of documents in this binder were correspondence generated by Ms. Larkins to CVEEA

22  and CTA and our responses to her. I did not keep copies of the documents I gave to Mr. Hersh.

23          6.    At the February 12, 2001 meeting that Ms. Larkins references on page 8 of her

24  Memorandum of Points and Authorities in Support of Motion to Compel, I am confident that I

25  made some notations as to what was said in the meeting in a School Year calendar book of the

26  sort I usually carry with me. I use these calendars each school year, chiefly to keep track of my

27  expenses and mileage. At the end of the school year, however, after I transfer the expense

28

DECLARATION OF GINA BOYD IN
OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL

1  information needed for tax documentation purposes, I throw away the calendar. It is, however,

2  my practice to put notes from the calendar pertaining to representational matters in the file of the

3  union member whom I am assisting. I disposed of the 2000-2001 calendar at the end of that

4  School Year, but I do not have a specific recollection as to whether my notations from the

5  February 12, 2001 meeting were placed in Ms. Larkins' file or later placed in the three ring

6  binder.

7      7.    On March 11, 2004, eleven days before the date Ms. Larkins' set for my deposition,

8  Mr. Hersh came to the CVEEA office to assist me and Mr. O'Neill in responding to form

9  interrogatories that Ms. Larkins' had propounded to each of us, and to explain the deposition

10  process to me. Because Ms. Larkins' had also requested notes that she believed I had, Mr. Hersh

11  brought the three-ring binder I had given him two years ago. After going through the sections of

12  the binder where such notes would have been placed and looking through my office and other

13  locations where such notes could have been placed, we were unable to find any notes that were

14  responsive to Ms. Larkins' request.

15      8.    I am aware that Ms. Larkins has accused me and others of attempting to "cover up"

16  circumstances pertaining to her placement on leave on February 12, 2001 and other matters

17  preceding her dismissal from employment with the District. However, I have always been

18  candid with Ms. Larkins and attempted to assist her to the best of my abilities. I have never

19  acted against Ms. Larkins interests with the District or anyone else. I have never shown

20  favoritism to Ms. Larkins' co-workers, though I attempted to mediate between Ms. Larkins and

21  her co-workers in an effort to permit Ms. Larkins to return to work. In fact, in my many years as

22  a CVEEA activist and officer I have never expended as much time and effort assisting any other

23  CVEEA teacher as I have on responding to Ms. Larkins' numerous requests for CVEEA and

24  CTA assistance and information. I have never received or possessed criminal justice records

25  information pertaining to Ms. Larkins. To this date I have never even seen such information. I

26  have nothing to hide concerning my efforts on behalf of Ms. Larkins and I have nothing to

27  "cover up."

28
I:\MHERSH\36014P33.C09.wpd

DECLARATION OF GINA BOYD IN
OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL

3

1      I declare under penalty of perjury under the laws of the State of California that this

2 declaration is true and correct, and that this declaration was executed on May 14, 2004 in San

3 Diego County, California.

4

5

6                                     VIRGINIA BOYD

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I:\MHERSH\36014P33.C09.wpd

# EXHIBIT 2

1  MICHAEL D. HERSH *[State Bar No.144095]*
   ROSALIND D. WOLF *[State Bar No. 91440]*
2  BEVERLY TUCKER *[State Bar No. 72525]*
   ROBERT E. LINDQUIST *[State Bar No. 130467]*
3  BRENDA SUTTON-WILLS *[State Bar No. 164131]*
   JOHN KOHN *[State Bar No. 192932]*
4  JOSEPH R. COLTON *[State Bar No. 85469]*
   California Teachers Association
5  11745 East Telegraph Road
   Santa Fe Springs, Ca 90670
6  Mailing address: P. O. Box 2153
   Santa Fe Spring, California  90670
7  Telephone: 562.942.7979 / Fax: 562.949.6518

8  Attorneys for Association Defendants

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN DIEGO

12  MAURA LARKINS,                    | **Case No. GIC 781970**
                                      | [Consolidated with Case No. 825873]
13           Plaintiff,

14  v.                                | ICJ:      William R. Nevitt, Jr.
                                      | Dept.     64
15  RICHARD WERLIN; GRETCHEN          | Date:     N/A
    DONNDELINGER, JO ELLEN HAMILTON,  | Time:     N/A
16  et al.
                                      | **CHULA VISTA ELEMENTARY**
17           Defendants.              | **EDUCATION ASSOCIATION**
                                      | **RESPONSE TO PLAINTIFF'S**
18                                    | **REQUESTS FOR PRODUCTION**
                                      | **OF DOCUMENTS SET THREE [No.**
19                                    | **One]; DECLARATION OF**
                                      | **VIRGINIA BOYD**
20
                                      | Complaint filed: 1/24/02
21

22       Chula Vista Elementary Education Association ("CVEEA") responds pursuant to section

23  2031(g) of the Code of Civil Procedure to plaintiff's requests for production of documents and

24  things, set three [no. 1], ("RFP") as follows:

25                    **RESPONSES TO SET THREE [No. One]**

26       CVEEA objects to the RFP propounded by plaintiff in its entirety because the RFP seeks

27  production of an item that is not relevant to the matters alleged in her sixth amended complaint in

28

I:\MHERSH\36014P41.C09.wpd                          **CVEEA RESPONSE TO PLAINTIFF'S**
                                                    **REQUEST FOR PRODUCTION OF**
                                                    **DOCUMENTS [SET THREE (No. 1)]**

# EXHIBIT 3

| GRIEVANCE REPORT FORM | LEVEL II |
|---|---|

To be used only after informal conference has been held and grievance is not resolved, or in cases where the grievance is initiated at Level II.

Type Only

| Last Name | First Name | Mi.I. | Date |
|---|---|---|---|
| Groth | Jim | | 5/22/01 |

| School/Department | Position |
|---|---|
| CVE for Castle Park Elementary | CVE Grievance Chair |

| Principal/Supervisor |
|---|
| Gretchen Donndelinger |

The District violated Article 38.1 of the Agreement when it issued a letter of reprimand to Maura Larkins without just cause on April 4, 2001.

Proposed remedy to grievance:

The District shall:
  1) Provide written, detailed rationale for why the employee was placed on Administrative Leave on February 8, 2001.
  2) Provide specific written details of the behaviors alleged to be "irrational and unprofessional."
  3) Modify the content of the 4/4/01 memorandum by eliminating completely the second paragraph.
  4) Any other remedies mutually agreed to by the parties.

I discussed this with my principal/supervisor on

| Date | Signature of Grievant |
|---|---|
| | |