

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUTZ ARTIANO SHINOFF & HOLTZ, APC,<br><br>              Plaintiff,<br>vs.<br><br>MAURA LARKINS, and DOES 1-100, inclusive,<br><br>              Defendant. | CASE NO. 07CV2202 WQH (WMc)<br><br>ORDER REMANDING CASE TO THE CALIFORNIA STATE SUPERIOR COURT |

HAYES, Judge:

Pending before the Court is Plaintiff's motion to remand to the California State Superior Court in San Diego, California. (Doc. # 4). The Court finds this matter suitable for submission on the papers without oral argument pursuant to Local Civil Rule 7.1(d)(1).

## BACKGROUND

On October 5, 2007, Plaintiff Stutz Artiano Shinoff & Holtz filed a Complaint in California State Superior Court against Defendant Maura Larkins. (Doc. # 1 at *Complaint*). The Complaint alleged one claim for defamation under California state law which arose out of statements made by Defendant on Defendant's website, www.mauralarkins.com. (Doc. # 1 at *Complaint*). On November 16, 2007, Defendant filed an answer in the California State Superior Court, and asserted affirmative defenses, including that the her statements were protected by the First Amendment to the United States Constitution. (Doc. # 1 at *Answer*).

On November 19, 2007, Defendant removed this case to the United States District Court for the Southern District of California and asserted jurisdiction under 28 U.S.C. §§ 1331 and 1441 (federal question jurisdiction). (Doc. # 1 at *Notice of Removal*). The notice of removal states: "It appears from the plaintiff's complaint that this is a civil action that arises under the First Amendment to the Constitution of the United States . . . ." (Doc. # 1 at *Notice of Removal*). On December 19, 2007, Plaintiff filed the pending motion to remand for lack of jurisdiction. (Doc. # 4). On February 1, 2008, Defendant filed an opposition to the motion. (Doc. # 8). On February 8, 2008, Plaintiff filed a reply. (Doc. # 9).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The party seeking removal bears the burden of establishing federal jurisdiction, and courts strictly construe 28 U.S.C. § 1441(a) against removal. *See Brady v. General Dynamics Corp.*, 915 F. Supp. 1103, 1105 (S.D. Cal. 1996) (citing *Redwood Theatres v. Festival Enters.*, 908 F.2d 277, 479 (9th Cir. 1990)).

## DISCUSSION

### I. Removal Jurisdiction

Plaintiff contends that this matter should be remanded for lack of subject matter jurisdiction. Specifically, Plaintiff contends that its Complaint filed in California State Superior Court alleged a single claim for defamation arising under state law, and that there is no federal claim upon which removal jurisdiction can be established. Defendant claims that there is removal jurisdiction based on the First Amendment to the United States Constitution. Defendant further contends that this case should remain in federal court because, "the California Superior Court, at least in part due to its being overburdened with cases–like this one–that should have been settled out of court, was unable to reach a just outcome in lawsuits previously brought by the current defendant." (Doc. # 8 at 1).

"In determining the presence or absence of federal jurisdiction," the court applies the "'well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *People of the State of California v. Dynegy*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Caterpillar Inc. v. Williams*, 482 U.S.

386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim; . . . the federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Dynegy*, 375 F.3d at 838 (internal citations omitted); *see Clinton v. Acequia*, 94 F.3d 568, 570 (9th Cir. 1996) (noting that a defendant may not invoke removal jurisdiction simply by asserting a federal defense). "[T]he rule enables the plaintiff, as 'master of the complaint,' to 'choose to have the cause heard in state court' by ' eschewing claims based on federal law.'" *Id.* (citing *Caterpillar*, 482 U.S. at 399).

The underlying claim in this case is Plaintiff's state law claim for defamation. *See* CAL. CIV. CODE §§ 44, 45, & 46. The Complaint does not allege a federal cause of action, and Defendant raises the First Amendment only as a defense to the defamation claim. The Court concludes that Plaintiff's federal defense does not establish removal jurisdiction. *See Dynegy*, 375 F.3d at 838; *see also Sprague v. Bulletin Co.*, 527 F. Supp. 1016, 1017 (E.D. Pa. 1981); *Buice v. Buford*, 553 F. Supp. 388, 389-91 (N.D. Ga. 1983). In addition, the Court concludes that Defendant's claim that the California State Superior Court has not reached a "just outcome" in other cases involving the Defendant is not a valid basis for removal jurisdiction. (Doc. # 8 at 1).

The Court concludes that Defendant has not met her burden to establish federal jurisdiction. Accordingly, Plaintiff's motion to remand (Doc. # 4) is GRANTED.

## CONCLUSION

IT IS HEREBY ORDERED that:

(1) Plaintiff's motion to remand (Doc. # 4) is GRANTED.

(2) This case is remanded to the California State Superior Court in San Diego, California.

The Clerk of the Court is ordered to close this case.

**IT IS SO ORDERED.**

DATED: 3/3/08

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE